BOARD OF EDUCATION EMPLOYEES' PENSION FUND OF ESSEX COUNTY, A CORPORATION, PLAINTIFF, v. ARNOLD M. HESS, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 30, 1952.

*Mr. Richard H. Cashion*, attorney for the plaintiff.

*Mr. Bernard A. Reilly*, attorney for the defendant.

DANIEL J. BRENNAN, J. S. C.   This matter is before the court for declaratory judgment with reference to the transfer of membership in a retirement fund.   The pertinent statutes in this connection are *R. S.* 43 :2–1 and 43 :2–2.

On November 1, 1945, the defendant was appointed secretary of the Board of Education of the City of Newark.   On February 21, 1946, he made application to the plaintiff for membership and also for transfer of his membership from the Teachers' Pension and Annuity Fund with prior service credits in accordance with the Pension Transfer Act, being *chapter* 313 of the *Laws of* 1926 (*R. S.* 43 :2–1 *et seq.*).

*R. S.* 43 :2–2 provides as follows with reference to the transfer from one pension system to another :

"When a member of any such retirement system or pension fund of this state changes his office or employment or is transferred in such manner as to require his withdrawal from any such retirement system or pension fund, and the change or transfer is to an office or position which entitles him to become a member of another retirement system or pension fund, he shall notify the administrative head of the retirement system of which he is a member, prior to or at the time of his withdrawal therefrom, of his intention to enter the other retirement system or pension fund. Upon his entry into the other system or fund he shall be admitted with the credit for prior service to which he was entitled in the system or fund from which he shall have withdrawn and he shall be permitted to deposit in the second retirement system or pension fund the total amount of his contributions so withdrawn from the first retirement system, and the board or administrative head of the first retirement system may transfer to the second retirement system or fund the funds or credit to which the withdrawing member was entitled. He shall, thereupon, as a member of the second retirement system, be entitled to such credit in the way of pension and annuity as is provided by law in the second retirement system or fund, with the prior service credit to which he was orginally entitled in the first retirement system."

The defendant at the time of his application deposited with the plaintiff a check of the Teachers' Pension and Annuity Fund for $1,291.22, representing his contributions, but refused to turn over to plaintiff the amount received by him from said Fund representing the interest on his contributions amounting to $393.01.

It should be noted that the mandate of *R. S.* 43:2–2 provides that "*the board or administrative head of the first retirement system* may transfer to the second retirement system or fund the funds *or credit* to which the withdrawing member was entitled" (italics by the court). In the case *sub judice* the two checks from the first pension system were issued payable to the defendant and delivered to him instead of to the plaintiff directly.

█ The defendant persists in the viewpoint that on the transfer from one pension system to another under the provisions of *R. S.* 43:2–1 and 43:2–2 he is obliged to pay only the capital sum which he received and may retain the accrued interest which was separately paid. An examination of the statute appears to this court clearly to indicate an obligation

on the part of the defendant to pay not only the capital sum but the interest as well. In specific language the statute indicates that upon his entering into the second pension fund he shall be admitted with the credit to prior service to which he was entitled in the system or fund from which he shall have withdrawn and he shall be permitted to deposit in the second retirement system or pension fund at that time the amount of his pension so withdrawn from the first retirement fund. This court will look at the substance of the transaction rather than its superficial appearance. This relationship requires the highest degree of good faith between the parties.

▆▆ The pertinent question for consideration is what is meant by "funds" or "credit." It seems to me that there can be no equivocation of the meaning of both of these words. In *Webster's New International Dictionary* (*2d ed.*) the following definition appears in connection with the word "credit":

"The balance in a person's favor in an account; also an amount or limit to the extent of which a person may receive goods or money on trust * * *."

The word "fund" is defined as follows in the same dictionary:

"A sum of money, especially one the principal of which is appropriated or devoted to a specific object."

Our courts have held that the coupling of words together ordinarily evinces an intention they are to be understood in the same general sense. In this connection our then Supreme Court, in *Lynch v. City of Long Branch,* 111 *N. J. L.* 148 (1933), at *page* 151, used the following language:

"It is an established rule in the exposition of statutes that the intention of the Legislature is to be derived from a view of the whole and of every part of the statute, taken and compared together. The real intention, when ascertained, will prevail over the literal sense of terms. When words are not explicit, the intention is to be collected from the context and the occasion and the necessity of the law

and from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion. *In re Merrill*, 88 *N. J. Eq.* 261, 273, 102 *A.* 400."

*Cf. State v. Murzda*, 116 *N. J. L.* 219, 220 (*E. & A.* 1936). The intent is not to be collected from any particular expression but from a general view of the whole clause.

Examined in its context the section of the statute heretofore quoted is to me clearly indicative of the proposition that the legislative design in connection with the transfer of pension funds was that not only the principal of the fund but the interest as well should be paid into the second fund on a transfer from the first.

This court does therefore determine and declare that the defendant, Arnold M. Hess, is obligated to pay into the fund to which he is applying for membership the accumulation of interest on his contributions in the fund or system from which he is withdrawing, in addition to the total amount of his contributions so withdrawn. Judgment will be entered accordingly. There will be no costs.

Submit order.